**Donald James GRALIKE, Plaintiff,**

v.

**Rebecca McDowell COOK, Defendant.**

No. 96–4417–CV–C–9.

United States District Court,
W.D. Missouri,
Central Division.

Feb. 18, 1998.

Arthur A. Benson, II, Gregg F. Lombardi, Arthur Benson & Associates, Kansas City, MO, for Plaintiff.

Tina M. Crow Halcomb, Michael A. Zito, Jefferson City, MO, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BARTLETT, Chief Judge.

Plaintiff Donald James Gralike brought this action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against Missouri Secretary of State Rebecca McDowell Cook in her official capacity. Plaintiff seeks to enjoin defendant from implementing and enforcing a recent amendment to Article VIII of the Missouri Constitution. The Amendment to Article VIII directs members of the United States Congress from Missouri to use their delegated powers to pass a Congressional Term Limits Amendment to the United States Constitution. The Amendment also requires candidates for United States Congress to either support the Congressional term limits amendment or have words stating that they failed to support the amendment placed by their names on the ballot.

On January 15, 1997, I entered an order granting in part and denying in part defendant's first Motion to Dismiss on standing, sovereign immunity and abstention grounds. In that order, I granted defendant's motion as to plaintiff's claim that the amendments to Article VIII violated Article III of the Missouri Constitution but denied defendant's motion as to the remainder of plaintiff's claims.

On January 29, 1998, I entered an order granting in part and denying in part defendant's "Motion to Dismiss for Failure to State a Claim." In that order, I granted defendant's motion as to plaintiff's claim that a jurisdictional provision of Article VIII violates the Supremacy Clause, but denied defendant's motion as to the remainder of plaintiff's claims.

Plaintiff's remaining claims are as follows: In Count I of the Complaint, plaintiff claims that Article VIII, as amended, places impermissible additional qualifications on candidates for United States Congress in violation of Article I of the United States Constitution. In Count II, plaintiff claims that Article VIII is unconstitutionally vague. In Count III, plaintiff claims that Article VIII violates his First Amendment right to free speech. Finally, in Count V, plaintiff claims that Article VIII violates Article V of the United States Constitution.

Now, plaintiff moves for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure.

### I.

### SUMMARY JUDGMENT STANDARD

Rule 56(c), Federal Rules of Civil Procedure, provides that summary judgment shall

be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, it is the court's obligation to view the facts in the light most favorable to the adverse party and to allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Inland Oil & Transp. Co. v. United States,* 600 F.2d 725, 727–28 (8th Cir.1979).

If there is no genuine issue about any material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Roberts v. Browning,* 610 F.2d 528, 531 (8th Cir.1979); *United States v. Porter,* 581 F.2d 698, 703 (8th Cir.1978). The summary judgment procedure is not a "disfavored procedural shortcut." Rather, it is "an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id. 106 S.Ct.* at 2553.

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the *absence* of genuine issues of material fact. However, the moving party *is not required* to support its motion with affidavits or other similar materials *negating* the opponent's claim. *Id.* (emphasis added).

The nonmoving party then must go beyond the pleadings and by affidavits, depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* A party opposing a properly supported motion for summary judgment cannot simply rest on allegations and denials in his pleading to get

to a jury without any significant probative evidence tending to support the complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The evidence favoring the nonmoving party must be more than "merely colorable." *Id.* 106 S.Ct. at 2511. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted).

The inquiry to be made mirrors the standard for a directed verdict: whether the evidence presented by the party with the onus of proof is sufficient that a jury could properly proceed to return a verdict for that party. *Anderson,* 106 S.Ct at 2511. Essentially, the question in ruling on a motion for summary judgment and on a motion for directed verdict is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 2512.

## II.

### UNDISPUTED FACTS

During the November 1996 general election, the Missouri voters passed by majority vote a ballot initiative to amend Article VIII of the Missouri Constitution. The Amendment added Sections 15–22 (hereinafter collectively referred to as the Article VIII Amendment) which are intended to promote the passage of a federal constitutional amendment setting term limits for members of the United States Congress. *See* Article VIII, § 15.

Section 16 contains a proposed amendment to the United States Constitution that would limit the number of terms that one individual can serve as United States Senator or Representative.

Section 17(1) directs each member of the Missouri delegation to Congress to use "all of his or her delegated powers to pass the Congressional Term Limits Amendment set forth [in section 16]." Section 17(2) requires that each Missouri Senator or Representative who fails to support the term limits amendment in one of several enumerated ways shall have the words "DISREGARDED VOTERS' INSTRUCTION ON TERM LIMITS" placed adjacent to that person's name on the primary and general election ballots.

For non-incumbent candidates for Congress, Section 18 requires that they be given an opportunity to take a "Term Limits" pledge each time they file to run for congressional office. For those who decline to make the pledge, Section 18(1) requires that the words "DECLINED TO PLEDGE TO SUPPORT TERM LIMITS" be printed next to their names on the primary and general election ballots.

The Secretary of State must decide whether words stating failure to support term limits should be placed next to a candidate's name. § 19. In making that determination, the Secretary must consider timely submitted public comments. § 19(2). The Secretary must declare within five days after the filing deadline whether the words "DECLINED TO PLEDGE TO SUPPORT TERM LIMITS" or "DISREGARDED VOTERS' INSTRUCTION ON TERM LIMITS" will be placed next to a candidate's name. § 19(4). After the Secretary makes that determination, subsections 19(5)–(6) give an aggrieved "elector" or "candidate" the opportunity to appeal the Secretary's decision to the Missouri Supreme Court. On appeal, an aggrieved "candidate" has the burden to prove by clear and convincing evidence that the Secretary erred by placing a designation next to his or her name. On the other hand, if an aggrieved "elector" appeals the Secretary's decision not to place the words stating lack of support for term limits next to a candidate's name, the Secretary has the burden to prove by clear and convincing evidence that the candidate met the requirements to avoid having the words placed next to the candidate's name.

Section 20 provides for automatic repeal of Sections 15–22 if the Congressional Term Limits Amendment becomes part of the United States Constitution. Section 21 provides that "[a]ny legal challenge to this Amendment shall be filed as an original action before the Supreme Court of [Missouri]." Finally, Section 22 provides for severability if any portion of the amendment is declared invalid or unconstitutional.

Plaintiff Donald Gralike is a resident of Missouri's Third Congressional District. He is more than 25 years of age. He has been a United States citizen for more than seven years and is a taxpayer and registered voter in Missouri. Gralike was a candidate for United States Representative for the Third Congressional District of Missouri in 1976. He is currently considering announcing his candidacy for that position in the 1998 election. Under Missouri law, Gralike may not formally file a declaration of candidacy until February 1998. Plaintiff has stated that he is not inclined to take the pledge described in Section 18 of Article VIII. Plaintiff has also stated that he understands that his failure to take the pledge could lead to his having words stating that he has failed to support term limits placed next to his name on the election ballot.

### III.

### DISCUSSION AND ANALYSIS

A. *Plaintiff's Arguments that He is Entitled to Summary Judgment on His Claims that the Article VIII Amendment Violates Articles I and V of the United States Constitution and the First Amendment Right to Free Speech*

In the January 29, 1998, order, I denied defendant's motion for judgment on the pleadings on plaintiff's claims in Counts I, III, and V of his Complaint.

In Part III.A. of the January 29, 1998, order, I concluded that plaintiff had stated a claim that the Article VIII Amendment, on its face, has the sole purpose of creating additional qualifications for Congress indirectly and has the likely effect of handicapping a class of candidates for Congress. Because plaintiff had stated a claim that the

Amendment violates Article I, I denied defendant's motion for judgment on the pleadings.

In Part III.B. of the January 29, 1998, order, I concluded that plaintiff has stated a claim that the Article VIII Amendment infringes on a candidate's protected First Amendment right to free speech and that the Amendment is not narrowly tailored to promote a compelling state interest. Therefore, I concluded that plaintiff had stated a claim that the Article VIII Amendment violates the First Amendment.

In Part III.E. of the January 29, 1998, order, I concluded that plaintiff has stated a claim that the Article VIII Amendment violates Article V of the United States Constitution by attempting to give power to the citizens of Missouri that the Constitution reserves to Congress and state legislative bodies.

In each of Counts I, III, and V of his Complaint, plaintiff alleges that the Amendment is unconstitutional on its face. Defendant concedes that "the issues presented by plaintiff are purely legal issues." Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment at 6.

Because there are no factual issues, the legal issues could have been resolved as a matter of law on cross-motions for judgment on the pleadings. However, plaintiff did not file a motion for judgment on the pleadings or seek any relief in his opposition to defendant's motion. Therefore, due to the procedural posture of the case when ruling on defendant's motion for judgment on the pleadings, I was only able to conclude plaintiff had stated a claim for relief. Had plaintiff filed a motion for judgment on the pleadings, based on the legal analyses that I conducted in the January 29, 1998, order, I would have concluded that the Article VIII Amendment violates Articles I and V of the United States Constitution and the First Amendment to the United States Constitution.

Now that the plaintiff has filed a Motion for Summary Judgment, I must follow the analysis appropriate for a motion under Rule 56, Federal Rules of Civil Procedure.

■ Because plaintiff's claims in Counts I, III, and V depend only on the constitutionality of the Amendment on its face, and because defendant concedes that there are no issues of material fact pertaining to the claims in Counts I, III and V, plaintiff has shown that there are no genuine issues of material fact for trial. Therefore, the issues raised by plaintiff are legal and can be resolved based on the briefs filed in connection with defendant's Motion for Judgment on the Pleadings and in connection with plaintiff's Motion for Summary Judgment.

■ For the reasons stated in Parts III.A., III.B., and III.E. of the January 29, 1998, order, I concluded that plaintiff had stated claims upon which relief could be granted on Counts I, III and V. Because defendant concedes there are no factual issues pertaining to the claims asserted in Counts I, III and V, and because defendant has added no legal argument conflicting with the conclusions reached in the January 29, 1998, order, plaintiff has established that he is entitled to judgment as a matter of law on Counts I, III, and V. Specifically, plaintiff has established that Sections 15, 16, 17, 18, and 19 of Article VIII violate Articles I and V of the United States Constitution and the First Amendment to the United States Constitution.

As an alternative analytical approach to reach the same conclusion, plaintiff has established that he is entitled to judgment as a matter of law on Counts I, III and V for the reasons stated in Parts III.A, III.B, and III.E of the January 29, 1998, order.

Because there are no issues of fact precluding judgment as a matter of law, plaintiff's Motion for Summary Judgment on Counts I, III, and V of his Complaint will be granted. Defendant will be permanently enjoined from implementing and enforcing Sections 15, 16, 17, 18, and 19 of Article VIII to the Missouri Constitution.

B. *Plaintiff's Argument that He is Entitled to Summary Judgment on His Claim that the Article VIII Amendment Is Unconstitutionally Vague and Overbroad*

In the January 29, 1998, order, I denied defendant's Motion for Judgment on the

Pleadings on plaintiff's claim in Count II of his Complaint because I concluded that plaintiff had alleged facts in his Complaint sufficient to state a claim that the Article VIII Amendment is unconstitutionally vague and overbroad.

Because I have already concluded that plaintiff is entitled to summary judgment on Counts I, III, and V of the Complaint, it is not necessary to consider whether he is also entitled to summary judgment on Count II. Plaintiff would not be entitled to any additional relief if I were to determine that he is also entitled to summary judgment on Count II.

### IV.

### CONCLUSION

Accordingly, it is ORDERED that:

1) Plaintiff's Motion for Summary Judgment (Doc. No. 59) is granted; and

2) defendant is permanently enjoined from implementing and enforcing Sections 15, 16, 17, 18, or 19 of Article VIII of the Missouri Constitution.